ALBERT BAILEY v. PHILIP STEWART.

A statement by the witnesses, in the depositions offered in evidence, that they have
  been released from all responsibility by the party in whose favor their testimony is
  produced, is itself an effectual release, and renders the introduction of the ori-
  ginal release unnecessary.
Art. 2939 of the Civil Code applies to common carriers; and so does art. 2938, under
  certain modifications.

APPEAL from the District Court of East Feliciana, *Johnson*, J.

*Lyons*, for the plaintiff.

*Muse*, for the appellant.

MARTIN, J.   The defendant is appellant from a judgment by
which the plaintiff has recovered the value of a trunk of clothing,
delivered to the defendant, a common carrier, for transportation,
which was lost through the carelessness of the latter.   He resisted
the claim, pleading the general issue.   Our attention is first drawn
to a bill of exceptions, taken by the defendant to the reading of the
depositions of Brady and Holmes, on the ground that they are in-
terested witnesses, and that if they have been released, the evidence
of the fact, results from their depositions only, which is not as good
evidence of the fact as the release itself; and further, on the ground
that they speak of what they have heard.   The court was of opi-
nion that the plaintiff having established the release by the testi-
mony of the witnesses, they were effectually released, as the plain-
tiff could not gainsay what they had sworn, without admitting
himself to have been guilty of subornation of perjury ; and the
jury were directed to disregard that part of the depositions, in which
the witnesses depose to what they had heard other people say.   It
does not appear to us that the court erred.

Another bill of exceptions was taken to a part of the judge's
charge, in which he directed the jury that a common carrier is re-
sponsible for the loss or damage of things entrusted to his
care, unless the same is occasioned by accidental and uncontrol-
lable events ; and that no watchfulness or care was sufficient to
discharge the common carrier from liability for goods taken from
his custody, unless he showed that they were taken by an over-
powering force.

A last bill was taken to the refusal of the judge to instruct the jury, that articles Nos. 2938 and 2939 of the Civil Code, which had been read to the jury, were not applicable as law to the case of common carriers. The court charged them, that article 2938 was not applicable to common carriers, except in a modified manner, but that article 2939 was applicable to them.

The Civil Code, art. 2725, provides that carriers and watermen may be liable for the loss or damage of the things entrusted to their care, unless they can prove that such loss or damage has been occasioned by accidental and uncontrollable events. They are further subjected, art. 2722, to the same responsibilities as tavern-keepers, whose responsibility does not extend to what is taken by force and arms, or with exterior breaking open of doors, or by any other extraordinary violence. Art. 2939.

This article contains a negative, pregnant with the affirmative that they are liable in other cases.

It does not appear to us that in either case the judge erred ; but the decision of the question has no bearing on the present case, for the defendant has not produced the least tittle of evidence as to the manner in which the trunk was lost. During the trial, the defendant attempted to resist the claim against him, by urging that the trunk was not delivered to him, but to one Shepherd, who had theretofore been employed to drive his wagon, but who, at the time that the trunk was placed on the wagon, was not in his service, but had hired the wagon, and was driving it for his own (Shepherd's) account. To this defence the jury does not appear to have paid the least attention, or to have given the least credit. And on a close examination of the testimony by which it was attempted to be supported, we are unable to say that they erred.

At the trial, the plaintiff admitted that he had recovered a part of the goods in the trunk, of which he produced an account, amounting to $128 50, for which he acknowledged the defendant was entitled to a credit. The value of the goods originally in the trunk was proved, and the plaintiff had a verdict for the balance. The defendant has contended in this court, that the plaintiff ought to have produced evidence of the goods recovered, and their value. If the defendant believed that the goods recovered were of a greater

value than they were acknowledged to be by the plaintiff, he might have probed his adversary's conscience by interrogatories.

Upon the whole, we believe that justice has been done in the case.

*Judgment affirmed.*